8IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cr-00058-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| | ) | |
| KELLY WOODROW ROSS | ) | |
| _____ | ) | |

This matter is before the Court on the Government's Petition for Writ of Habeas Corpus Ad Prosequendum (the "Petition," Doc. 5).

## I.      Relevant Background

On August 3, 2021, Defendant and others were charged in a Bill of Indictment in a previous matter pending in this district, bearing file number 1:21-cr-00070-MR-WCM.

On April 22, 2022, Defendant pled guilty to a single count in that case.

On September 22, 2022, Defendant was sentenced to time served with three years of supervised release and was ordered to pay a $100 special assessment. 1:21-cr-00070-MR-WCM, Doc. 708.

On December 14, 2023, a petition (the "SRV Petition") was filed alleging that Defendant had violated the terms and conditions of his supervised release. 1:21-cr-00070-MR-WCM, Doc. 841.

1

On May 17, 2024, the Government applied for the issuance of a Writ of Habeas Corpus Ad Prosequendum in Defendant's previous matter. 1:21-cr-00070-MR-WCM, Doc. 893.

A writ was issued and Defendant made an initial appearance on the SRV Petition on May 31, 2024. Counsel was appointed for him and preliminary revocation and detention hearings were noticed for June 5, 2024.

On June 4, 2024, Defendant filed written waivers of his rights to a preliminary revocation hearing and to an immediate hearing on the issue of detention. Consequently, he was ordered detained without bond pending further proceedings. 1:21-cr-00070-MR-WCM, Docs. 898, 899, 900. A final revocation hearing has not yet been scheduled.

On August 26, 2024, a Bill of Information was filed in the instant matter, charging Defendant with one count of possessing with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine. Doc.1.

A plea agreement and a factual basis were filed the following day. Docs. 3, 4.

On September 9, 2024, the Petition was filed. By the Petition, the Government asks for the issuance of a writ so that Defendant may be brought to court to answer the Bill of Information. The Petition states that Defendant is "presently detained in the Haywood County Jail" and asks that "after the

disposition of the above captioned case Defendant . . . be returned to the custody of Haywood County Jail. . . ."

## II. Discussion

> [W]rits of habeas corpus *ad prosequendum* are issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner. . . . [U]nlike a detainer, a writ of habeas corpus *ad prosequendum* does not serve merely as notice that a prosecution is pending against a prisoner in another jurisdiction. Instead, it is a court order requesting the prisoner's appearance to answer charges in the summoning jurisdiction.
>
> Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993) (internal citations omitted).

However, in this case, the records of the Court indicate that Defendant is already in the custody of the United States Marshals Service. Specifically, the Court previously ordered that Defendant be detained in 1:21-cr-00070-MR-WCM, in which he is charged with violating his supervised release conditions.

The Government has not explained how the issuance of a Writ of Habeas Corpus Ad Prosequendum would be appropriate in these circumstances. Cf. Wiseman v. Wachtendorf, No. 4:18-CV-00333-RGE, 2019 WL 13241962, at *3 (S.D. Iowa May 29, 2019), aff'd sub nom., 984 F.3d 649 (8th Cir. 2021); see also 18 U.S.C. § 3621(d).

3

Consequently, the Government's Petition (Doc. 5) is, respectfully,

**DENIED WITHOUT PREJUDICE**.

It is so ordered.

Signed: September 11, 2024

W. Carleton Metcalf
United States Magistrate Judge